IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SEAHORN INVESTMENTS, LLC** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CIVIL NO. 1:13cv320-HSO-RHW** |
| § | | |
| **FEDERAL INSURANCE COMPANY,** § | | **DEFENDANTS** |
| **MISSISSIPPI FARM BUREAU** § | | |
| **CASUALTY INSURANCE** § | | |
| **COMPANY, MAXUM INDEMNITY** § | | |
| **COMPANY, STEADFAST** § | | |
| **INSURANCE COMPANY, ALTERRA** § | | |
| **EXCESS & SURPLUS INSURANCE** § | | |
| **COMPANY** § | | |

**<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART THE MOTION TO DISMISS FILED BY DEFENDANT
STEADFAST INSURANCE COMPANY, GRANTING IN PART AND
DENYING IN PART THE MOTION TO DISMISS FILED BY DEFENDANT
ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, AND
GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS
FILED BY DEFENDANTS FEDERAL INSURANCE COMPANY AND
MAXUM INDEMNITY COMPANY</u>**

BEFORE THE COURT are Motions to Dismiss filed by Defendant Steadfast Insurance Company [11], Defendant Alterra Excess & Surplus Insurance Company [16], and Defendants Federal Insurance Company and Maxum Indemnity Company [33]. Plaintiff Seahorn Investments, LLC has filed identical Responses in Opposition [29] [31] to the Motions filed by Defendants Steadfast Insurance Company and Alterra Excess & Surplus Insurance Company, and those Defendants have each filed a Rebuttal [38] [40]. Plaintiff has also filed a Response [44] to the Motion filed by Defendants Federal Insurance Company and Maxum Indemnity Company, and those Defendants have filed a Rebuttal [49]. Having considered the

1

parties' submissions, the record, and relevant legal authority, the Court is of the opinion that the Motions [11] [16] [33] should be granted in part and denied in part.

I. BACKGROUND

A.    Factual Background

On August 7, 2013, Plaintiff Seahorn Investments, LLC ("Plaintiff") filed the Complaint [1] against Federal Insurance Company ("Federal"), Mississippi Farm Bureau Casualty Insurance Company ("Mississippi Farm Bureau"), Maxum Indemnity Company ("Maxum"), Steadfast Insurance Company ("Steadfast"), and Alterra Excess & Surplus Insurance Company ("Alterra").  Plaintiff alleges that it owns property "located at 100 Waverly Place, Bay St. Louis, Mississippi, commonly referred to as the Waverly Apartments[,]" which consists of sixteen residential apartment buildings containing one, two, and three bedroom apartments and one non-residential management building.  Compl. 3-4 [1].

Plaintiff alleges it secured standard flood insurance for the Waverly Apartments from Mississippi Farm Bureau through the National Flood Insurance Program ("NFIP").  *Id*.  Plaintiff also secured a "Master Primary Policy" with Federal which insured the Waverly Apartments against "all risks of physical damage" caused by flood or wind events "including increased costs for compliance with code and ordinance" up to $5,000,000.00 coverage under Federal's policy.  *Id*.  Maxum issued a second tier excess insurance policy insuring the Waverly Apartments per the terms of the Master Primary Policy up to $5,000,000.00 in excess of the first $5,000,000.00.  *Id*. at 4.  Steadfast and Alterra each issued third

tier excess policies pursuant to the terms of Federal's Master Primary Policy with policy limits of $7,500,000.00 each. *Id.* Thus, the coverage afforded under the Steadfast and Alterra policies was excess to that offered by the Federal and Maxum policies. *Id.*

Plaintiff claims that on or about August 29, 2012, Hurricane Isaac made landfall, causing the Waverly Apartments to incur "over [$5,000,000.00] in flood damages" and "an unspecified amount of other reimbursable damages." *Id.* at 5. According to the Complaint, the damages caused by Hurricane Isaac, when taken together with preexisting damages related to Hurricane Katrina, rendered the Waverly Apartments in need of substantial improvements and repairs as required by City of Bay St. Louis Ordinance 521. *Id.* at 5-7. Plaintiff asserts that the necessary improvements and repair work are covered expenses under the terms of the Master Primary Policy issued by Federal, which terms also govern Maxum, Steadfast, and Alterra's excess coverage. *Id.* at 7-8. According to Plaintiff, it notified Mississippi Farm Bureau and Federal of its claim "shortly after" Hurricane Isaac, but both insurers performed untimely and inadequate investigations of Plaintiff's claim. *Id.* at 8-9. Plaintiff posits that Federal has "effectively den[ied] coverage" under the terms of the Master Primary Policy. *Id.* at 9. Plaintiff also claims it forwarded a formal proof of loss to Maxum, Steadfast, and Alterra on May 22, 2013, and that it has been forced to provide access "for the numerous representatives of Defendants to inspect and re-inspect the damages at the insured premises." *Id.* at 10.

B. <u>Procedural History</u>

Based on the foregoing allegations, Plaintiff filed the Complaint [1] in this case on August 7, 2013, advancing a claim for breach of contract against all Defendants. *Id*. at 11-12. Plaintiff seeks extra-contractual damages from all Defendants, claiming that "Defendants caused [P]laintiff to incur . . . economic damages because of their unreasonable refusal to pay insurance benefits . . . ." *Id*. at 12. Plaintiff also demands an award of punitive damages against all Defendants on grounds that "Defendants' conduct constitutes malice and gross negligence evidencing a willful, wanton, and reckless disregard for [P]laintiff's rights . . . ." *Id*. at 13.

Steadfast now moves to dismiss Plaintiff's claims for extra-contractual and punitive damages, arguing that Plaintiff has failed to plead sufficient facts to support such claims.[1] Steadfast's Mem. in Supp. of Mot. to Dismiss 1-2 [13]. Steadfast also contends that Plaintiff's factual allegations reveal that Steadfast is currently engaged in a prompt, ongoing investigation of Plaintiff's insurance claims which undermines any claim for extra-contractual or punitive damages. *Id*. at 3. Steadfast reasons that Plaintiff is attempting to "create a cause of action for anticipatory bad faith." *Id*. at 6-7; Steadfast's Reply 1 [38]. Steadfast also seeks an award of attorneys' fees and expenses pursuant to the Mississippi Litigation Accountability Act ("MLAA"), Miss. Code Ann. §§ 11-55-1 to -15. Steadfast's Mem. in Supp. of Mot. to Dismiss 7-8 [13].

---

[1] Alterra also moves to dismiss [16] Plaintiff's claims for extra-contractual and punitive damages and has adopted Steadfast's Memorandum of Law. Alterra's Mem. in Supp. of Mot. to Dismiss 1 [17].

4

In filing identical Responses [29] [31] to Steadfast and Alterra's Motions [11] [16], Plaintiff argues that its allegations regarding the numerous inspections demanded by Steadfast and Alterra are sufficient to support awards of extra-contractual and punitive damages against those Defendants because the allegations indicate that Steadfast and Alterra have unreasonably delayed paying Plaintiff's insurance claim.  Mem. in Opp'n to Mot. to Dismiss 7-8 [30].  Plaintiff contends that even if Steadfast and Alterra's Motions to Dismiss are granted, the dismissal should be without prejudice.  *Id.* at 9-10.  Plaintiff maintains that Steadfast and Alterra's request for an award of fees under the MLAA should be denied because Plaintiff's claims for extra-contractual and punitive damages are sufficiently supported by the facts of this case.  *Id.* at 10-11.

Federal and Maxum also seek dismissal of Plaintiff's claims for punitive and extra-contractual damages.  Mem. in Supp. of Mot. to Dismiss 13 [34].  Federal and Maxum argue that Plaintiff has no claim for punitive or extra-contractual damages under Mississippi law because both Defendants' policies only provide coverage that is excess to the underlying Mississippi Farm Bureau flood policy, which the Complaint indicates has not been exhausted.[2]  *Id.* at 7-11; Reply 3 n.5 [49].  According to Federal and Maxum, the fact that the primary policy issued by Mississippi Farm Bureau has not been exhausted constitutes an arguable reason for

---

[2] Federal and Maxum attempt a brief choice of law analysis because the named insured under the Federal policy is a Michigan entity.  Mem. in Supp. of Mot. to Dismiss 5-6 [34].  Federal and Maxum conclude that Plaintiffs have failed to state a claim for punitive or extra-contractual damages under either Michigan or Mississippi law.  *Id.* at 5-7.  Plaintiff disputes that Michigan law controls, and Federal and Maxum appear to abandon this argument in their Reply brief and focus solely upon Mississippi law.  Resp. in Opp'n 7-8 [45]; Reply 1-4 n.3 [49].  The Court, therefore, will not pass upon any potential choice of law issue and will evaluate Federal and Maxim's Motion to Dismiss under Mississippi law.

having not paid Plaintiff's claim.  *Id*. at 11-13; Reply 3-4 [49].  Federal and Maxum contend that they also cannot be liable for punitive or extra-contractual damages because Plaintiff has not pleaded sufficient facts indicating that either insurer owes coverage.  Mem. in Supp. of Mot. to Dismiss 7-11 [34].

Plaintiff responds that the terms of the Master Primary Policy do not require exhaustion of the flood insurance coverage afforded by the Mississippi Farm Bureau flood policy.  Resp. in Opp'n 9 [45].  Plaintiff emphasizes its allegations that Federal has delayed taking any action "for several months[,]" has requested numerous re-inspections, and has failed to provide "any report, finding, or analysis" justifying the ongoing refusal to pay amounts due under the Master Primary Policy.  *Id*. at 8-9.  Plaintiff argues that the delay and failure to provide information are without legitimate basis and constitute malice, gross negligence, or reckless disregard for Plaintiff's rights.  *Id*. at 9.  Plaintiff further contends that Federal and Maxum have "completely ignore[d]" the repairs necessitated by Ordinance 521, which Plaintiff alleges are within the scope of the Master Primary Policy's coverage.  *Id*. at 9-11.

## II. DISCUSSION

### A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."  *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  When considering such a motion, all well-pleaded facts must be viewed in the light most favorable to the plaintiff.  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).  On the other hand, courts "do not

accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Rather, a plaintiff must set forth specific facts, not conclusory allegations. *Blackwell*, 440 F.3d at 286.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57, 570).

B. <u>Analysis</u>

    1.   <u>Plaintiff's Claims Seeking Punitive and Extra-Contractual Damages Against Maxum, Steadfast, and Alterra</u>

"When faced with a[n insurance] claim, an insurer is required to perform a prompt and adequate investigation of the circumstances surrounding the claim." *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 534 (Miss. 2003) (citing *Bankers Life & Cas. Co. v. Crenshaw*, 483 So. 2d 254, 276 (Miss. 1985)). Insurers must "make a reasonable, good faith decision based on that investigation and may be liable for punitive damages for denying a claim in bad faith." *Broussard v. State*

7

*Farm Fire & Cas. Co.*, 523 F.3d 618, 627 (5th Cir. 2008) (internal marks and citations omitted).  "To recover punitive damages from an insurer for 'bad faith,' the insured must prove by a preponderance of evidence that the insurer acted with (1) malice, or (2) gross negligence or reckless disregard for the rights of others." *Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1095 (Miss. 1996) (citation omitted). "Insurers who are not liable for punitive damages may nonetheless be liable for 'consequential or extra-contractual damages . . .' where their decision to deny the insured's claim is without 'a reasonably arguable basis' but does not otherwise rise to the level of an independent tort." *Broussard*, 523 F.3d at 628 (quoting *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1186 n.13 (Miss. 1990)).

   Plaintiff has failed to plead sufficient facts to support an award of punitive or extra-contractual damages against Maxum, Steadfast, and Alterra.  Plaintiff alleges that the Master Primary Policy affords coverage for both the repairs to the Waverly Apartments necessitated by Hurricane Isaac and the increased costs of construction required to bring the Waverly Apartments into compliance with Ordinance 521. Compl. 5-7 [1].  According to Plaintiff, neither Mississippi Farm Bureau nor Federal have timely or properly inspected and paid Plaintiff's insurance claim related to Hurricane Isaac and the improvements necessitated by Ordinance 521.  *Id.* at 8-10. Plaintiff alleges that it provided notice of its claim to Maxum, Steadfast, and Alterra on or after May 22, 2013.  *Id.* at 10.  The Complaint indicates that since Plaintiff provided notice to Maxum, Steadfast, and Alterra these three excess insurers have communicated with Plaintiff and conducted an inspection of the

Waverly Apartments. *Id*. Although the Complaint does not state specifically when Maxum, Steadfast, and Alterra's investigations began, Plaintiff's factual allegations reveal that these investigations began in a timely manner after Plaintiff provided notice to Maxum, Steadfast, and Alterra on or after May 22, 2013.

Plaintiff's allegation in the Complaint that Maxum, Steadfast, and Alterra have exhibited an "unreasonable refusal to pay insurance benefits" thus giving rise to a claim for extra-contractual damages amounts to a bare restatement of the requirements for establishing an insurer's liability for extra-contractual damages, but there are no facts pleaded as to Maxum, Steadfast, and Alterra to support this lone allegation. Compl. 12 [1]. Plaintiff's factual allegations do not support a claim for extra-contractual damages against Maxum, Steadfast, and Alterra. *See Twombly*, 550 U.S. at 555 (noting "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim) (citations omitted). Equally insufficient is Plaintiff's conclusory claim that Maxum, Steadfast, and Alterra's conduct constitutes malice and gross negligence evidencing a willful, wanton[,] and reckless disregard for [P]laintiff's rights . . . ." Compl. 13 [1]. This lone allegation lacks any factual support related to the conduct of Maxum, Steadfast, or Alterra and cannot survive a Rule 12(b)(6) challenge. *Pilgrim's Pride*, 632 F.3d at 153 (Courts "do not accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'") (quoting *Iqbal*, 556 U.S. at 678). Maxum, Steadfast, and Alterra are entitled to dismissal of Plaintiff's claims seeking punitive and extra-contractual damages.

### 2. Plaintiff's Claims for Punitive and Extra-Contractual Damages Against Federal

Federal argues that it is entitled to dismissal of Plaintiff's punitive and extra-contractual damages claims because Plaintiff has not pleaded sufficient facts to trigger coverage under Federal's Master Primary Policy, which Federal claims is excess to the Mississippi Farm Bureau flood policy. Mem. in Supp. of Mot. to Dismiss 7-13 [34], Reply 2-4 [49]. According to Federal, the fact that Plaintiff has not triggered Federal's excess coverage provides Federal with an "arguable reason" to deny coverage. *Id.* Although it claims to have submitted third party estimates for damages at the Waverly Apartments "totaling over $4,000,000[,]" Plaintiff also asserts that it has "incurred over five million dollars ($5,000,000) in flood damages . . . ." Compl. 5, 8 [1]. Viewing this allegation in a light most favorable to Plaintiff, this amount exceeds the $4,250,000 of flood coverage Federal contends that Plaintiff must exhaust under the Mississippi Farm Bureau flood policy before turning to Federal's policy.[3] Mem. in Supp. of Mot. to Dismiss 3, 10-11 [34], Reply 3-4 [49].

Federal maintains that its investigation of Plaintiff's insurance claim is ongoing and that it has not denied coverage. *Id.* Plaintiff, however, contends that it provided notice of its claim to Federal "[s]hortly after" August 29, 2012, and since that time, Federal has unreasonably delayed paying Plaintiff's claim. Compl. 8, 9-11 [1]. The Complaint alleges that Federal "failed to inspect the property until

---

[3] Plaintiff also alleges that it must raise each of the 16 residential apartment buildings to a height of eight feet as required by Ordinance 521. Compl. 7 [1]. While Plaintiff only alleges that it has suffered "an unspecified amount of other reimbursable damages[,]" it seems reasonably plausible that raising each of the 16 apartment buildings eight feet would exhaust the $30,000 that Federal claims is available to Plaintiff under the Mississippi Farm Bureau flood policy's provisions related to coverage for increased costs necessitated to comply with laws or ordinances. Reply 3 n.4 [49].

several weeks" after the hurricane, performed a "cursory" and "inadequate" inspection, repeatedly relied upon "inapplicable policy provisions and conditions effectively denying coverage[,]" ignored Plaintiff's claim related to the increased costs necessitated by Ordinance 521, requested a third re-inspection of the premises, and "failed to adequately respond to Plaintiff's proofs of loss." *Id.* at 8-10. When taken as true for the limited purpose of Federal's Motion [33], these allegations sufficiently state a claim premised on an unreasonable delay in payment. *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (Mississippi courts "have permitted claimants to recover damages on bad faith claims when resolution of an insurance claim is merely delayed rather than ultimately denied.") (collecting cases). Federal, therefore, has not demonstrated that Plaintiff has failed to state a claim upon which relief can be granted, and its Motion to Dismiss [33] should be denied.

    3.    <u>Steadfast and Alterra's Request for an Award of Attorneys' Fees Pursuant to the MLAA</u>

While perhaps premature, the Court cannot say that Plaintiff's claims for punitive and extra-contractual damages against Steadfast and Alterra are "frivolous, groundless in fact or in law, or vexatious . . . ." Miss. Code Ann. § 11-55-3(a). Consequently, Steadfast and Alterra's request for an award of attorneys' fees pursuant to the MLAA will be denied.

### III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Steadfast Insurance Company's Motion to Dismiss [11] is **GRANTED IN PART**

and **DENIED IN PART**.  Plaintiff's claims for extra-contractual damages and punitive damages against Steadfast Insurance Company are **DISMISSED WITHOUT PREJUDICE**.  The remainder of Steadfast Insurance Company's Motion [11] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Alterra Excess and Surplus Insurance Company's Motion to Dismiss [16] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims for extra-contractual damages and punitive damages against Alterra Excess and Surplus Insurance Company are **DISMISSED WITHOUT PREJUDICE**.  The remainder of Defendant Alterra Excess and Surplus Insurance Company's Motion [16] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants Federal Insurance Company and Maxum Indemnity Company's Motion to Dismiss [33] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims for extra-contractual damages and punitive damages against Maxum Indemnity Company are **DISMISSED WITHOUT PREJUDICE**.  The remainder of Defendants' Motion [33] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 23rd day of September, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE